Mark S. Bledsoe
(Name)

LAW OFFICES OF MARK S. BLEDSOE
(Law Firm)

2525 Blueberry Road, Suite 202
(Street Address)

Anchorage, AK 99503
(City, State, Zip)

Telephone: 272-5200
Facsimile: 279-2321
e-mail: bledsoe@alaska.net

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES ex rel. Keller Supply Company, ) ) ) ) Plaintiff(s) ) vs ) ) GRAYSTAR MECHANICAL., INC., BRAD ) ERICHSON, NESSER CONSTRUCTION, INC. ) AND SAFECO INSURANCE COMPANY OF ) AMERICA Under Bond No. 6255760 ) Defendant(s) ) ) | Case No. 3:06-cv-00030-RRB  SCHEDULING AND PLANNING CONFERENCE REPORT |

I.     **Meeting.** In accordance with FED. R. CIV. P. 26(f), a meeting was held on

September 8, 2006          and was attended by:

Julia M.I. Holden          attorney for Neeser Construction, Inc.; Safeco

Mark S. Bledsoe            attorney for Keller Supply Company.

                           attorney for

                           attorney for

The parties recommend the following:

2. **Pre-Discovery Disclosures.** The information required by FED. R. CIV. P. 26(a)(1):

☐ have been exchanged by the parties

☒ will be exchanged by the parties by September 30, 2006

Proposed changes to disclosure requirements:

None.

Preliminary witness lists

☐ have been exchanged by the parties

☒ will be exchanged by the parties by September 30, 2006

3. **Contested Issues of Fact and Law.** Preliminarily, the parties expect the following issues of fact and/or law to be presented to the court at trial in this matter:

A. To what extent, if any, did Keller Supply provide building materials and supplies to the Ft. Wainwright construction project known as the ALERT HOLDING AREA AND PALLET PROCESSING FACILITY; what is the value of the materials supplied to this project?

B. What amounts, if any, has Keller Supply been paid for its materials so supplied?

C. May Keller Supply recover damages for materials supplied to the ALERT HOLDING AREA AND PALLET PROCESSING FACILITY, if the materials were not actually incorporated in the project or returned to Keller Supply?

4.  **Discovery Plan.** The parties jointly propose to the court the following discovery plan.

   A. Discovery will be needed on the following issues:

   Discovery is required regarding the issues described above in paragraph 3.

   B. All discovery commenced in time to be completed by March 1, 2007 ("discovery close date").

   C. Limitations on Discovery.

   1.  Interrogatories

      ☒ No change from FED. R. CIV. P. 33(a)

      ☐ Maximum of ___ by each party to any other party.

      Responses due in ___ days.

   2.  Requests for Admissions.

      ☒ No change from FED. R. CIV. P. 36(a).

      ☐ Maximum of ___ requests.

      Responses due in ___ days.

    3.    Depositions.

        ☒ No change from FED. R. CIV. P. 36(a), (d).

        ☐ Maximum of _ depositions by each party.

        Depositions not to exceed _ hours unless agreed to by all parties.

D.    Reports from retained experts.

    ☒ Not later than 90 days before the close of discovery subject to FED. R. CIV. P. 26(a)(2)(C).

    ☐ Reports due:

From plaintiff              From defendant

E.    Supplementation of disclosures and discovery responses are to be made:

    ☒ Periodically at 60-day intervals from the entry of scheduling and planning order.

    ☐ As new information is acquired, but not later than 60 days before the close of discovery.

F.    A final witness list, disclosing all lay and expert witnesses whom a party may wish to call at trial, will be due:

    ☒ 45 days prior to the close of discovery.

    ☐ Not later than

5.    **Pretrial Motions.**

    ☒ No change from D.AK. LR 16.1(c).

The following changes to D.AK. LR 16.1(c). [Check and complete all that apply]

    ☐ Motions to amend pleadings or add parties to be filed not later than

    _

    ☐ Motions under the discovery rules must be filed not later than

    ☐ Motions in limine and dispositive motions must be filed not later than

6. **Other Provisions:**

    A.   ☒ The parties do not request a conference with the court before the entry of the scheduling order.

        ☐ The parties request a scheduling conference with the court on the following issue(s):

    B.   Alternative Dispute Resolution. [D.AK. LR 16.2]

        ☒ This matter is not considered a candidate for court-annexed alternative dispute resolution.

        ☐ The parties will file a request for alternative dispute resolution not later than _____.

          ☐ Mediation     ☐ Early Neutral Evaluation

    C.   The parties   ☐ do   ☒ not consent to trial before a magistrate judge.

    D.   Compliance with the Disclosure Requirements of FED. R. CIV. P. 7.1

        ☒ All parties have complied     ☐ Compliance not required by any party

7. **Trial.**

   A. The matter will be ready for trial:

   ☒ 45 days after the discovery close date.

   ☐ not later than

   B. This matter is expected to take   3   days to try.

   C. Jury Demanded   ☐ Yes   ☒ No

   Right to jury trial disputed?   ☐ Yes   ☒ No

Dated:

9/20/06

_____
(Signature of Attorney)
Julia M.I. Holden
(Typed Name of Attorney)
Oles Morrison Rinker & Baker LLP
(Law Firm)
Attorney For:

9/20/06

_____
(Signature of Attorney)
Mark S. Bledsoe
(Typed Name of Attorney)
LAW OFFICES OF MARK S. BLEDSOE
(Law Firm)
Attorney For:

_____
(Signature of Attorney)

(Typed Name of Attorney)

(Law Firm)
Attorney For:

_____
(Signature of Attorney)

(Typed Name of Attorney)

(Law Firm)
Attorney For: