## SETTLEMENT AGREEMENT

This Settlement Agreement and the Release attached hereto (collectively, the "Agreement") is made and entered into this ____ day of December, 2006, by and between (i) Keller Supply Co. ("Keller"); (ii) Safeco Insurance Company of America and its Payment Bond No. 6255769 ("Safeco"); and Neeser Construction Inc. ("Neeser") (collectively, "the Parties").

WHEREAS Keller brought suit against Safeco's Payment Bond No. 6255769 as use-plaintiff in *United States ex rel. Keller Supply Company v. Graystar Mechanical Inc., Brad Erichson, Neeser Construction Inc., and Safeco Insurance Company of America under Bond No. 6255769*, in the United States District Court for the District of Alaska at Anchorage, Case No. 3-06-cv-00030 RRB (the "Action"), for claims arising out of the provision of construction materials to Graystar Mechanical Inc. ("Graystar"), a subcontractor on the Fort Wainwright Alert Holding Facility at Ft. Wainwright, Alaska, Ground Contract No. DACA 85-02-D-0012 ("the Project");

WHEREAS the Parties desire to fully and finally resolve all claims between use-Plaintiff and Defendants Safeco and Neeser which have been or could have been brought in the Action;

NOW, THEREFORE, in consideration of the mutual promises set forth herein, the Parties agree as follows:

1. Keller acknowledges that it will be paid the total aggregate sum of Seventy-Four Thousand Eight Hundred Forty-Six and 95/100 Dollars ($74,846.95) ("Settlement Funds") by Neeser in satisfaction of the amount owed to Keller on the Graystar account for the Project.

2. In exchange for the Settlement Funds as set out above, the Parties shall stipulate to the dismissal of all claims which have been asserted or which might have been asserted by them in the pending Action, with prejudice and with the Parties to bear their own

costs, disbursements, and attorneys' fees incurred in connection with the Action, except as otherwise expressly agreed by the Parties, with the exception of all claims asserted against Graystar and/or Brad Erichson by Keller, Safeco or Neeser.

3. In further consideration for the Settlement Funds as set out above, Keller hereby assigns in full its causes of action against Graystar and Erichson in this matter, for which Keller has obtained entry of a default against Graystar and Erichson based on Graystar's and Erichson's failure to appear, plead in or otherwise defend this action.

4. In further consideration for the Settlement Funds as set out above, the Parties shall also deliver to one another a fully executed Release in the form attached as Exhibit A hereto, releasing the Parties from any and all claims and causes of action between them, including all offsets, liabilities, and the like arising out of or in any way related to the Project.

5. This Agreement constitutes and contains the entire agreement between the Parties with respect to the parties and claims being released and with respect to the parties and claims being released. This Agreement may not be modified or amended in any respect unless in writing signed by all Parties.

6. The interpretation and enforcement of this Agreement shall be governed by the laws of the State of Alaska.

7. This Agreement may be executed in one or more counterparts, all of which together will constitute a single document.

KELLER SUPPLY CO.

Dated: 12-27-06      By: _D. Korduan_
                     Its: __Dorit Korduan__
                          __Regional Credit Mgr__

SUBSCRIBED AND SWORN TO OR AFFIRMED before me on the 27th day of _____, 2006.

_[signature]_

Notary Public in and for _Washington_
County of _King_
My commission expires: _1/19/07_

[Notary seal: THOMAS T. PECKHAM, NOTARY PUBLIC, STATE OF WASHINGTON, COMMISSION EXPIRES 1-19-07]

NEESER CONSTRUCTION, INC.

Dated: _____      By: _____
                           Its: _____

SUBSCRIBED AND SWORN TO OR AFFIRMED before me on the ____ day of _____, 2006.

_____
Notary Public in and for Alaska
My commission expires: _____

- 3 -

KELLER SUPPLY CO.

Dated:_____    By:_____
                                 Its:_____

      SUBSCRIBED AND SWORN TO OR AFFIRMED before me on the ____ day of _____, 2006.

_____
Notary Public in and for _____
County of _____
My commission expires:_____

NEESER CONSTRUCTION, INC.

Dated: 12/29/06              By: _____
                             Its: PRESIDENT

      SUBSCRIBED AND SWORN TO OR AFFIRMED before me on the 29 day of December, 2006.

_____
Notary Public in and for Alaska
My commission expires: 5/28/2010

[OFFICIAL SEAL — State of Alaska, JOYCE FROSTAD, NOTARY PUBLIC, My Commission Expires: May 28, 2010]

SAFECO INSURANCE COMPANY OF
AMERICA

Dated: 1-2-07    By: /s/ GENE SAWYER
Its: SENIOR CLAIMS SPECIALIST

SUBSCRIBED AND SWORN TO OR AFFIRMED before me on the 2nd day of January, 2007.



Stephani J. Miller
Notary Public in and for Washington
County of King
My commission expires: April 19, 2009

- 4 -

EXHIBIT A

RELEASE

1.  This Release ("Release") is given this _____ day of December, 2006, in consideration of, and as a condition to, that certain Settlement Agreement dated December ____, 2006 ("Settlement Agreement") between (a) Keller Supply Co. ("Keller"); (b) Neeser Construction Inc. ("Neeser"); and Safeco Insurance Company of America ("Safeco") (Keller, Neeser, and Safeco are collectively referred to herein as "the Parties").

2.  Keller hereby releases and fully discharges Neeser and Safeco, and their respective officers, directors, agents, shareholders, owners, employees, trustees, administrators, sureties, insurers, subcontractors, and suppliers at any level or tier, parent and subsidiary and affiliated corporations, successors and predecessors in interest, attorneys, assigns and receivers, and each of them, past, present, and future, from every claim, demand, liability, action, offset, and cause of action whatsoever, of every kind and nature, whether arising out of contract, tort, statute, or otherwise, in law or in equity, including all claims for compensatory, special, liquidated, and punitive damages, penalties, costs, expenses, and attorneys' fees, and other types of loss or losses, whether presently known or unknown, fixed or contingent, matured or unmatured, suspected or unsuspected, arising or alleged to have arisen out of, or relating to the provision of materials to Graystar for the Ft. Wainwright Alert Holding Facility at Ft. Wainwright, Alaska, Ground Contract No. DACA 85-02-D-0012 ("the Project"), including but not limited to, any and all claims set forth in Plaintiff's Complaint filed in *United States ex rel. Keller Supply Company v. Graystar Mechanical Inc., Brad Erichson, Neeser Construction Inc., and Safeco Insurance Company of America under Bond No. 6255769*, in the United States District Court for the District of Alaska at Anchorage, Case No. 3-06-cv-00030 RRB (the "Action").

3.  The Parties warrant that, except as otherwise provided in the Settlement Agreement, they have not assigned or transferred any claim or part or portion of any claim released herein. The Parties further warrant that if such an assignment or transfer has occurred, they will indemnify and hold harmless one another from and against any claims based on or arising out of any such assignment or transfer purported or claimed. This obligation to indemnify and hold harmless shall include the obligation to pay reasonable attorneys' fees, expenses, and costs actually incurred, whether or not litigation has been commenced.

4.  The intention of the Parties being to fully, completely, and forever settle, compromise, release, and discharge all claims released herein, the Parties warrant that they will not by themselves or in concert with others, maintain or cause to be maintained any demands, actions, lawsuits, arbitrations, or any other proceedings released and discharged herein against such released and discharged party.

5.  The Parties acknowledge that neither Plaintiff nor Defendants nor any agent or attorney of each has made any promises, representations or warranties whatsoever to the other Party, express or implied, not contained herein or as part of the accompanying Settlement Agreement, concerning the subject matter hereto, to induce the releasing Parties to execute this Release, and the Parties acknowledge that they have not executed this Release in reliance upon any promises, representations, or warranties not contained herein or as part of the accompanying Settlement Agreement. Each Party further acknowledges that it has had a full and complete opportunity to independently investigate all facts material hereto, and has done so.

6.  It is understood that the nature and extent of any potential damages and injuries which may have been sustained by a Party may substantially change or worsen and that new damages may be discovered in the future. It is nevertheless each of the Parties'

intent to unequivocally release and forever discharge another party as described herein from any and all claims accrued, accruing, or which may accrue in the future as a result of, in connection with, or related to any changes in the nature and extent of said damages or injuries or as a result of the discovery of new damages or injuries. With respect to the foregoing, each Party acknowledges, represents, and warrants that it has thoroughly reviewed and understands the decision of the Alaska Supreme Court in *Witt v. Watkins*, 579 P.2d 1065 (Alaska 1978), and state that it is still each Party's intent to fully and forever release another party as described herein from any and all claims accrued, accruing, or which may accrue in the future.

7. The Parties acknowledge their own familiarity with the decisions in the cases of *Young v. State*, 455 P.2d 889 (Alaska 1969), and *Totem Marine Tug & Barge v. Alyeska Pipeline Service Co.*, 584 P.2d 15 (Alaska 1978), and any protections of the holdings therein relevant to the present case are hereby waived. The Parties state that it is their true intent and desire to fully release all the individuals, firms, or corporations as identified herein who may in any way have been connected with any claims released herein as fully as though they were specifically listed and named herein. The Parties specifically represent that they understand that they are not required or compelled to agree to the terms of this Release and acknowledge the availability of other reasonable alternatives and adequate remedies, but have nonetheless freely, voluntarily, and intelligently chosen not to pursue the same for the purposes of making a full, final, and complete compromise of the claims released herein.

8. This Release is designed strictly for the purpose of compromising disputed claims and avoiding the expenses and risks of litigation. It is not, nor shall it be construed or characterized as, an admission of liability or wrongdoing by any Party.

9. Each of the individuals signing this Release on behalf of a Party hereto warrants that he or she has the authority to sign the Release and thereby to bind the Party on

whose behalf he or she signs. This Release shall be binding upon, and inure to the benefit of, the successors and assigns of the Parties.

10. The interpretation and enforcement of this Release shall be governed by the laws of the State of Alaska. Each Party acknowledges that it has had ample opportunity to consult with its attorneys concerning this Release and agrees that this Release shall be construed according to the fair intent of the language as a whole and in conjunction with the accompanying Settlement Agreement and not for or against any of the drafting Parties.

11. This Release is not a waiver or release of any Party's covenants or obligations under the Settlement Agreement.

12. This Release may be executed in one or more counterparts, all of which together will constitute a single document.

KELLER SUPPLY CO.

Dated: 12-27-06    By: [signature]
Its: Dorit Korduan
Regional Credit Mgr

SUBSCRIBED AND SWORN TO OR AFFIRMED before me on the 27 day of DEC, 2006.

[signature]
Notary Public in and for WASHINGTON
County of KING
My commission expires: 1/19/07

[Notary Seal: THOMAS T. PECKHAM, NOTARY PUBLIC, STATE OF WASHINGTON, COMMISSION EXPIRES 7-19-07]

-4-

NEESER CONSTRUCTION INC.

Dated: 12/29/06          By: [signature]
                         Its: PRESIDENT

SUBSCRIBED AND SWORN TO OR AFFIRMED before me on the 29 day of December, 2006.

[OFFICIAL SEAL – State of Alaska – JOYCE FROSTAD – NOTARY PUBLIC – My Commission Expires: May 28, 2010]

Notary Public in and for Alaska
County of 3rd Judicial District
My commission expires: 5/28/2010

SAFECO INSURANCE COMPANY OF AMERICA

Dated: _____   By: _____
                                Its: _____

SUBSCRIBED AND SWORN TO OR AFFIRMED before me on the ____ day of _____, 2006.

Notary Public in and for _____
County of _____
My commission expires: _____

F:\10140\11A\other\A-BJW 002 AGR settlement 122106 101400011A.DOC

NEESER CONSTRUCTION INC.

Dated:_____     By:_____
                                  Its:_____

    SUBSCRIBED AND SWORN TO OR AFFIRMED before me on the ____ day of _____, 2006.

Notary Public in and for _____
County of _____
My commission expires:_____

SAFECO INSURANCE COMPANY OF
AMERICA

Dated: *1-2-07*     By: *[signature] / GENE SAWYER*
                    Its: *SENIOR CLAIMS SPECIALIST*

    SUBSCRIBED AND SWORN TO OR AFFIRMED before me on the *2ⁿᵈ* day of *January*, 20__.

[Notary seal: STEPHANI J. MILLER, COMMISSION EXPIRES, NOTARY PUBLIC, APR 19 2009, STATE OF WASHINGTON]

*Stephani J. Miller*
Notary Public in and for *Washington*
County of *King*
My commission expires: *April 19, 2009*

F:\10140\11A\other\A-BJW 002 AGR settlement 122106 101400011A.DOC

- 5 -